UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BREWSTER HOME FASHIONS LLC,<br>   Plaintiff,<br>v.<br>NOVALIS US, LLC,<br>   Defendant. | C.A. No. _____ |

**COMPLAINT**

**INTRODUCTION**

Plaintiff, Brewster Home Fashions LLC ("Brewster" / "Plaintiff"), by and through its undersigned attorneys, alleges as follows against Defendant, Novalis US, LLC ("Novalis" / "Defendant"):

**NATURE OF THIS ACTION**

1. This is a civil action for copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. §§ 106, 501.

**JURISDICTION AND VENUE**

2. This Court is vested with jurisdiction over the parties and the subject United States copyright infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Defendant is subject to personal jurisdiction in the Commonwealth of Massachusetts pursuant to Massachusetts General Laws c. 223A § 3 because Defendant practices the unlawful conduct complained of herein, in part, within the Commonwealth; because the Defendant has infringed on the intellectual property rights of a company within the Commonwealth; because the unlawful conduct complained of herein causes injury, in part, within the Commonwealth; because the Defendant regularly does, or regularly solicits, business within

the Commonwealth through Lowes.com and through Lowes brick-and-mortar retail stores; because the Defendant regularly and systematically directs electronic activity into the Commonwealth with the manifest intent of engaging in business within the Commonwealth, including the creation and offering of fully interactive webpages and other internet related services to web users within the Commonwealth; and because the Defendant entered into contracts with residents of the Commonwealth through the sale of items via the internet.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a), as Defendant is subject to personal jurisdiction in, and a substantial part of the events or omissions giving rise to the claims in this action occurred in the Commonwealth of Massachusetts.

## **PARTIES**

5. Brewster is a limited liability company organized under the laws of Massachusetts with its principal place of business at 67 Pacella Park Drive, Randolph, Massachusetts 02368, engaged in the design, engineering, manufacturing, distribution, and sale of home décor products and solutions.

6. Novalis is a limited liability company organized under the laws of Delaware with its principal place of business at 200 Munekata Drive, Dalton, Georgia 30721, engaged in the design, engineering, manufacturing, distribution, delivery, and sale of flooring solutions.

7. Defendant has, and still does, regularly and systematically conduct business, and operate within this judicial district, including the offering and selling of their products and services within this judicial district.

**FACTUAL ALLEGATIONS**

8. Founded in 1935, Brewster is a home décor company that designs, engineers, manufactures, and distributes home décor products and solutions, including, but not limited to, wallpaper, flooring, murals, and home décor products.

9. Relevant to this complaint is Brewster's line of FloorPops® peel and stick floor titles, namely, Brewster's Sienna FloorPops® peel and stick flooring tiles (the "Brewster Design"). The Brewster Design comprises, or contains, an original works of authorship and, as such, is protected under United States copyright law.

10. Brewster received a Copyright Registration from the Register of Copyrights, Certificate Registration No. VA0002359956, titled, "AW53239 Floor Tiles "Sienna", which was registered effective August 7, 2023, and corresponds to Brewster's Sienna FloorPops® peel and stick flooring tiles. A true and correct copy of this registration is attached hereto as Exhibit A and is incorporated by this reference.

11. At all relevant times, Brewster's Terms of Services included a copyright notice for its protected designs, including the Brewster Design.

12. Defendant is a direct competitor of Brewster and offers flooring products directly competitive with Brewster's FloorPops peel and stick floor tiles.

13. At all relevant times, Defendant had access to the Brewster Design and has copied substantial portions of thereof.

14. Without authorization, Defendant has copied, created derivatives of, displayed, distributed, and sold flooring that are substantially similar to the Brewster Design (the "Infringing Products"). Examples of Defendant's Flooring are attached hereto as Exhibit B.

15. Below is a side-by-side comparison of the infringing Rosehill Flooring to Brewster's Sienne Flooring.



16. Defendant has targeted Brewster in this judicial district, and Defendant is engaging in unlawful and unfair competition by having intentionally copied the Brewster Design and deriving profits unfairly through the use of the Infringing Products.  Brewster will continue to suffer irreparable injury that cannot be adequately remedied at law unless Defendant is enjoined from engaging in any further such acts of infringement and unfair competition.

17. On December 27, 2023, Brewster sent to Defendant a cease-and-desist letter via email and FedEx regarding Defendant's copyright infringement and demanding that Defendant immediately discontinue its sale of the Infringing Products and provide Brewster with an accounting of all of Defendant's sales of the Infringing Products as well as identify the source of the Infringing Products.

18. Since being put on notice of Brewster's copyright in the Brewster Design, Defendant has willfully and intentionally continued to sell the Infringing Products.

## COUNT I
### Copyright Infringement -- 17 U.S.C. § 501, *et seq.*

19. Brewster realleges, and incorporates by this reference, each and every allegation set forth in the above paragraphs.

20. The Brewster Design is an original, creative work that constitutes copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq*. At all relevant times, Brewster has owned all applicable right, title, and interest in and the Brewster Design.

21. Brewster owns a United States copyright registration for the Brewster Design. See Exhibit B.

22. Defendant has infringed and is continuing to infringe on Brewster's copyright in the Brewster Design by, among other things, distributing, copying, creating derivatives of, and selling the Infringing Products, which contains unauthorized copying of the Brewster Design. Defendant has violated and is violating Brewster's exclusive rights under 17 U.S.C. § 106. Such infringement has been deliberate and willful.

23. As a direct and proximate result of Defendant's infringement, Brewster has suffered, and will continue to suffer, actual damages. Defendant has also realized unjust profits, gains, investment funds and advantages as a proximate result of its infringement. Brewster is entitled to its actual damages and any gains, profits and advantages obtained by Defendant as a result of Defendant's acts of infringement and/or statutory damages, trebled, and their attorneys' fees.

24. Brewster has no adequate remedy at law for the injuries currently being suffered, and the additional injuries that are threatened, by Defendant's infringement. Defendant will

continue to engage in its wrongful conduct and Brewster will continue to suffer irreparable injury that cannot be adequately remedied at law unless Defendant is enjoined from engaging in any further such acts of infringement. Accordingly, Brewster is entitled to a permanent injunction restraining Defendant from engaging in any further such acts in violation of the United States copyright laws, pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

WHEREFORE, Brewster respectfully prays for and requests that the Court enter judgment for Brewster and against Defendant by:

(1) awarding Brewster all damages that it has sustained or will sustain by reason of Defendant's conduct and awarding Brewster all profits Defendant has derived as a result of Defendant's infringing conduct, including but not limited to all profits from sales of the infringing products and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Brewster Design and/or such statutory damages as provided by law, trebled as and to the extent such infringing conduct is deemed deliberate or willful and such other amounts as the Court finds to be just and proper;

(2) granting injunctive relief restraining Defendant from directly or indirectly violating Brewster's rights under the Copyright Act including by further copying, distributing, selling, or selling the Infringing Products or otherwise infringing Brewster's exclusive rights in the Brewster Design;

(3) entering an order, under 17 U.S.C. § 503, requiring Defendant to undertake destruction or impoundment of the Infringing Products in its possession and to recall and destroy all copies of the Infringing Products sold, distributed, or otherwise transferred to third parties.

(4) entering an order, pursuant to 17 U.S.C. § 503, requiring Defendant to file with this Court and serve upon Brewster within thirty (30) days after entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the above subparagraphs (2) and (3) of this prayer;

(5) ordering an accounting of gross profits, royalties and net profits derived from the Defendant's Flooring;

(6) awarding Brewster its costs of suit and reasonable attorneys' pursuant to 17 U.S.C. § 505;

(7) subjecting any such monetary awards to pre-judgment and post-judgment interest; and

(8) granting all such further and additional relief, in law or in equity, to which Brewster may be entitled or which the Court deems just and proper.

## **JURY DEMAND**

Brewster demands a trial by jury on all counts so triable.

Respectfully submitted,

BREWSTER HOME FASHIONS LLC,

By its attorneys,

*/s/ Jason W. Morgan*
Jason W. Morgan (BBO #633802)
jason.morgan@nelsonmullins.com
Carl E. Fumarola (BBO #659019)
carl.fumarola@nelsonmullins.com

Date:  August 12, 2024

Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
617-573-4700 (phone)
617-573-4710 (fax)