UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BREWSTER HOME FASHIONS LLC,

   Plaintiff,

v.                                         NO. 24-CV-12067-NMG

NOVALIS US, LLC,

   Defendant.

## MEMORANDUM AND ORDER ON PLAINTIFF'S
## MOTION TO COMPEL DEFENDANT'S INITIAL DISCLOSURES
## AND FOR SANCTIONS (#21)

KELLEY, U.S.M.J.

This case involves a copyright infringement dispute between plaintiff Brewster Home Fashions LLC ("Brewster") and defendant Novalis US, LLC ("Novalis"), two companies which manufacture and sell variations of "peel and stick" floor tiles. Defendant's alleged violation of the Copyright Act of 1976, 17 U.S.C. §§ 106, 501 pertains specifically to plaintiff's "Sienna" tile, a registered design with the United States Copyright Office.

Pending before the court is plaintiff's February 11, 2025, motion to compel defendant's Rule 26(a) initial disclosures, to order defendant's payment of reasonable attorney's fees and costs related to this motion, and to impose sanctions against defendant. (#21.) Defendant filed a timely opposition (#27) in which it noted that its disclosures were produced on February 21, 2025. (#27

1

¶ 8.) For the reasons discussed below, the motion is <u>DENIED</u> to the extent that plaintiff moves for sanctions, and moot to the extent plaintiff moves to compel initial disclosures.

I. BACKGROUND.

    A. <u>Factual Background</u>.

Plaintiff Brewster is a home décor company which designs, engineers, manufactures, and sells home décor products and solutions, including peel and stick floor tiles. (#1 ¶ 8.) Brewster's peel and stick tiles, "FloorPops," are at issue in this case, namely, the Sienna FloorPops design ("the Sienna"). *Id.* ¶ 9. As of August 7, 2023, the Sienna has received protection from its Copyright Registration with the Register of Copyrights under Certificate Registration No. VA0002359956. *Id.* ¶ 10. A notice of this copyright was included in Brewster's terms of service at all times relevant to this action. *Id.* ¶ 11.

Similar to Brewster, defendant Novalis designs, engineers, manufactures, and sells home décor products, specifically flooring solutions. *Id.* ¶ 6. Novalis also offers peel and stick floor tiles of varying designs. *Id.* ¶ 14. At issue in this action is defendant's tile design named the "Rosehill," which is nearly identical to the Sienna in pattern and colors. *Id.* ¶ 15. Brewster alleges that Novalis, without authorization, copied, created derivatives of, displayed, and sold the Sienna design, and that Brewster is now suffering from such infringement and unfair competition. *Id.* ¶¶ 14, 16.

    B. <u>Procedural Background</u>.

Plaintiff filed this action on August 12, 2024 (#1), service of which was made and executed by defendant on August 12 and filed with the court on August 13. (#5.) The complaint alleges one count against defendant: Copyright Infringement in violation of 17 U.S.C. § 501, *et seq.* for defendant's continued use of the Sienna design. (#1 ¶ 20.) During a scheduling conference on November 26, 2024, Judge Gorton ordered initial disclosures to be produced by December 23, 2024. (#21 ¶ 2.) The parties later mutually agreed to push this deadline until January 8, 2025. *Id.*

2

¶¶ 5, 6. After plaintiff served its initial disclosures on January 7, defendant asked for a week-long extension of the deadline. *Id.* ¶ 7. Plaintiff rejected this request but granted defendant an extra day—until January 9—allowing for receipt of the disclosures to occur before the parties' scheduled pre-ADR conference on January 10, 2025. *Id.* ¶¶ 4, 8. Defendant finally filed and served the required disclosures on February 21, 2025. (#27 ¶ 8.) Up until then, it appears that defendant had been unresponsive and had not given plaintiff a reason for the delay. *See* #21 ¶ 11 ("Without reason or excuse, Defendant has ignored Plaintiff's many requests for Defendant's initial disclosures and has failed to adhere to deadlines"). In defendant's opposition, it alleges that its involvement in complex jury trial impeded its ability to meet discovery deadlines. (#21 ¶¶ 4-7.)

II.   DISCUSSION.

"Rule 26 'is an integral part of the machinery devised to facilitate the management of pretrial discovery.'" *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 5 (1st Cir. 2011) (quoting *Gomez v. Rivera Rodríguez*, 344 F.3d 103, 112 (1st Cir. 2003)). The rule requires litigants to disclose all documents that it may use to support its claims or defenses, and all evidence that it may present at trial, unless their purpose is "solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii), 26(a)(3)(A). The record demonstrates that defendant filed and served the initial disclosures required by Rule 26, although such service occurred nearly six weeks after discovery was due and the pre-ADR conference was held. Regardless of the delay in production, plaintiff now holds the documents which it is moving the court to compel; therefore, this aspect of its motion is moot.

Plaintiff also moves the court to impose sanctions under both Fed. R. Civ. P. 37(a) and 37(c) for defendant's failure to comply with discovery deadlines. Plaintiff alleges that defendant's failure prejudices its "ability to prosecute its case, conduct discovery, and assess whether early

mediation is still agreeable." (#21 ¶ 11.) Plaintiff also claims that defendant's failure is without reason or excuse. *Id.* Defendant's opposition (#27) tells a different story. Plaintiff has now been provided the Rule 26(a) disclosures and defendant has provided a reasonable explanation for the delay, namely, its involvement in a complex trial which has consumed its team. (#27 ¶¶ 4-7.) Further, defendant points out that the parties are in the process of scheduling a mediation. *Id.* ¶ 9. The court does not find that defendant's delay by a few weeks has so greatly hindered plaintiff's ability to pursue this action or assess mediation, or otherwise prejudiced plaintiff's case as to warrant sanctions.

Additionally, the court is not in a position to impose sanctions under Rule 37(a) because it is not granting plaintiff's motion. Where a party fails to abide by Rule 26, Rule 37(a) allows another party to move for an order compelling disclosure or discovery and, "*If the motion is granted*… the court must… require the party or deponent whose conduct necessitated the motion… to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Here, the motion is denied, so Rule 37(a) does not apply. Plaintiff also seeks sanctions under 37(c), which is similarly not applicable. Rule 37(c) applies where "a party fails to provide information or identify a witness as required by Rule 26(a) or (e)." Fed. R. Civ. P. 37(c)(1). To the court's knowledge, defendant has not failed to provide any information in its disclosures that would trigger Rule 37(c). The court will not impose payment of attorney's fees or other sanctions on defendant.

III.   CONCLUSION.

For the foregoing reasons, plaintiff's motion is DENIED.


February 26, 2025                                   /s/ Page Kelley_____
                                                    M. Page Kelley
                                                    United States Magistrate Judge